IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MASON IBRA GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-CV-04065-WJE |
| | ) |
| CENTERPOINTE HOSPITAL-COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Mason Ibra Garrett, *pro se*, requested leave to proceed with his Complaint without payment of the filing fee, pursuant to 28 U.S.C. § 1915, and submitted a financial affidavit in support. (Doc. 1). The Court construes Mr. Garrett's filings of his financial affidavit as a motion for leave to proceed in forma pauperis. (Docs. 1, 3). For the reasons set forth below, it is recommended that Mr. Garrett's motion be denied and the case be dismissed.

## I. Background

In his Complaint, Mr. Garrett names CenterPointe Hospital and Holly Thomas, a psychiatrist at CenterPointe, as defendants ("Defendants"). (Doc. 1-1 at 2-3). Mr. Garrett alleges that on January 9, 2025, Holly Thomas, acting as the attending physician, changed his prescribed medication without notice. (*Id.* at 6). Mr. Garrett further states that he was forced to consume the medication in pill form, violating the "Statement of Patient Rights." (*Id.*). Liberally construed, Mr. Garrett's cause of action appears to arise from the Eighth Amendment's Cruel and Unusual Punishments Clause. (Doc. 1-2).

## II. Legal Standard

Section 1915(a)(1) states that the Court may authorize the continuation of any suit without prepayment of fees or costs by a person who submits an affidavit that he is unable to pay such fees or costs. In weighing the application, the Court is guided by Local Rule 83.7, which states that the court fees and costs should not "cause the applicant to give up the basic necessities of life."

Upon the determination of the applicant's ability to pay the requisite fee, the Court must review the action under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A pro se complaint is construed "liberally, but the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States by a person acting under color of state law. *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013). A private actor may be liable under § 1983 if it is a "willful participant in joint activity with the State," for which a plaintiff must plausibly allege "a meeting of the minds" between the two actors. *Magee v. Tr. of the Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (citations omitted).

## III. Discussion

The Court has reviewed Plaintiff's affidavit of financial status and finds that he is qualified

for in forma pauperis status based on economic need. However, applying 28 U.S.C. § 1915(e)(2)(B) and Local Rule 83.7 to the case at hand, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Mr. Garrett does not allege facts from which the Court could find that the Defendants, private actors, acted under the color of state law in their interactions with Mr. Garrett. Nor does Mr. Garrett allege that the Defendants had a "meeting of the minds" or willfully participated in joint activity with any state actor to deprive Mr. Garrett of his constitutional rights. *See Magee*, 747 F.3d at 536. Thus, the undersigned recommends that the District Judge find that the Defendants are not state actors, did not act under state law, and are not subject to suit under 42 U.S.C. § 1983. Accordingly, the proposed Complaint fails to state a claim upon which relief can be granted.

## IV. Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order denying Mr. Garrett's motion and dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 28th day of April, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge